<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AUDREY CARTER, | : | |
| | : | Civil Action No. 09-4030(FLW) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FORD MOTOR CREDIT, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

> AUDREY CARTER, Plaintiff <u>pro</u> <u>se</u>
> P.O. BOX 2113
> Trenton, New Jersey 08607

**WOLFSON, District Judge**

Plaintiff Audrey Carter (hereinafter "Plaintiff"), brings this action <u>in</u> <u>forma</u> <u>pauperis</u>, alleging that the named defendants discriminated against her by using illegal business transactions and court proceedings against Plaintiff. (Plaintiff's Complaint, pg. 1). The Court has considered Plaintiff's application for indigent status in this case and concludes that she is permitted to proceed <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a). However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should be dismissed for failure to state a

claim upon which relief may be granted, pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff brings this action against the following
defendants: Ford Motor Credit, and Steven Morgan and Keith Morgan
of the Morgan Law Office in Cherry Hill, New Jersey.  (Compl.,
pg. 1).

Plaintiff allege that, in 1995, she was told that she would
receive a low interest rate on her car loan, but after she had
signed the contract, a higher interest rate was imposed.
Plaintiff states that she made car payments until she was
involved in two auto accidents.  When her car insurance company
declined to make the car payments, Plaintiff states that she
returned the car to the dealer, who then sold the car.  However,
she also states that she was required to continue making car
payments and that she entered into a payment agreement with the
Morgan law firm in 1999.

In January 2009, Plaintiff moved to Tennessee and stopped
making payments.  However, it would appear that she had stopped
making payments before January 2009, because Plaintiff admits
that a judgment was entered against her in a New Jersey state
court in 2008.

Plaintiff contends that defendants have violated her civil
rights by discriminating against her through illegal business

transactions on the basis of race and gender.  (Compl., at Brief,

¶ 6).  She seeks $650,000.00 in monetary damages.

## DISCUSSION

## A.  Standard of Review

The Complaint by a litigant proceeding in forma pauperis is

subject to sua sponte dismissal by the court if the Complaint is

frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks money damages from defendants who are

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In

determining the sufficiency of a pro se complaint, the Court must

be mindful to construe it liberally in favor of the plaintiff.

See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following

Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner,

404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969

F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all

of the allegations in the complaint and all reasonable inferences

that can be drawn therefrom, and view them in the light most

favorable to the plaintiff."  Morse v. Lower Merion School Dist.,

132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however,

credit a pro se plaintiff's "bald assertions" or "legal

conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the

former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United

States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S.

at 93-94 (In a pro se prisoner civil rights complaint, the Court

reviewed whether the complaint complied with the pleading

requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary

dismissal of a Complaint that fails to state a claim.  Ashcroft

v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme

Court was whether Iqbal's civil rights complaint adequately

alleged defendants' personal involvement in discriminatory

decisions regarding Iqbal's treatment during detention at the

Metropolitan Detention Center which, if true, violated his

constitutional rights.  Id.  The Court examined Rule 8(a)(2) of

the Federal Rules of Civil Procedure which provides that a

complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed.R.Civ.P.

8(a)(2).[1]  Citing its recent opinion in <u>Bell Atlantic Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a]

pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do,'

"<u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the

Supreme Court identified two working principles underlying the

failure to state a claim standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief."  <u>Fed.</u>
> <u>Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausible give rise to an entitlement to relief.

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be
simple, concise, and direct.  No technical form is required."
<u>Fed.R.Civ.P.</u> 8(d).

<u>Iqbal</u>, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this <u>pro</u> <u>se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>.  See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

**B.   Discrimination Claim is Time-Barred**

Plaintiff's claims of discrimination by illegal business transactions arise from a car sale in 1995 and a restructured car payment schedule in 1999.  She appears to allege, without supporting facts, that defendants discriminated against her on the basis of race and gender.  This Court finds that Plaintiff's Complaint is subject to dismissal as time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  <u>Bethel v. Jendoco Construction Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate

to dismiss <u>sua</u> <u>sponte</u> under 28 U.S.C. § 1915(e)(2) a <u>pro</u> <u>se</u> civil rights claim whose untimeliness is apparent from the face of the Complaint.   <u>See</u>, <u>e.g.</u>, <u>Jones v. Bock</u>, 549 U.S. 199, 214-15 (2007)(if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); <u>see</u> <u>also</u> <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) <u>in</u> <u>forma</u> <u>pauperis</u> provisions, that <u>sua</u> <u>sponte</u> dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); <u>Hunterson v. DiSabato</u>, 2007 WL 1771315 (3d Cir.2007)("district court may <u>sua</u> <u>sponte</u> dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run")(citing <u>Jones v. Bock</u>, <u>Pino v. Ryan</u>)(not precedential); <u>Hall v. Geary County Bd. of County Comm'rs</u>, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying <u>Pino</u> to current § 1915(e)); <u>Rounds v. Baker</u>, 141 F.3d 1170 (8th Cir. 1998)(unpub.); <u>Johnstone v. United States</u>, 980 F.Supp. 148 (E.D. Pa. 1997) (applying <u>Pino</u> to current § 1915(e)).

Plaintiff's bald discrimination claim would appear to fail under 42 U.S.C. § 1981.  Section 1981 prohibits intentional, purposeful discrimination in the making and enforcing of private contracts. 42 U.S.C. § 1981(a); <u>see</u> <u>also</u> <u>Gen. Bldg. Contractors</u>

Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982).  The

statute states:

> All persons within the jurisdiction of the United
> States shall have the same right in every State and
> Territory to make and enforce contracts....

42 U.S.C.A. § 1981(a)-(b).

"Like many federal statutes, 42 U.S.C. § 1981 does not

contain a statute of limitations ... [Therefore,] federal courts

should apply the 'the most appropriate or analogous state statute

of limitations' to claims based on asserted violations of §

1981." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371

(2004).  The Supreme Court has held that a state's personal

injury statute of limitations governs § 1981 claims.  See Runyon

v. McCrary, 427 U.S. 160, 180-81 (1976) (applying Virginia's

statute of limitations for personal injury actions to a § 1981

claim).  In New Jersey, N.J. Stat. Ann. § 2A:14-2 specifies a

two-year statute of limitations for personal injury actions.[2]

Consequently, in New Jersey, most § 1981 claims are subject to

the two-year limitation.  Cardenas v. Massey, 269 F.3d 251, 255

(3d Cir. 2001).

Some § 1981 claims, however, are subject to a four-year

statute of limitations.  In 1990, Congress enacted 28 U.S.C. §

---

[2]  N.J. Stat. Ann. § 2A:14-2 provides that "[e]very action
at law for an injury to the person caused by the wrongful act,
neglect or default of any person within this State shall be
commenced within 2 years next after the cause of any such action
shall have accrued ..."

1658, which implemented a four-year statute of limitations for any civil action arising under an act of Congress "enacted after the date of the enactment of this section."  28 U.S.C. § 1658. At its inception, § 1981 consisted only of subsection (a).  In 1991, Congress added subsections (b) and (c) to § 1981. Subsection (b) "define[d] the term 'make and enforce contracts to include the termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"  Jones, 541 U.S. at 373 (quoting § 1981(b)). Subsection (c), entitled "Protection against impairment," stated: "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

In Jones, the Supreme Court settled a split among the circuits, and held that if a § 1981 claim is made possible because of a post-1990 enactment, then that claim is subject to the catchall four-year statute of limitations, as set forth in 28 U.S.C. § 1658.  Jones, 541 U.S. at 382-83.  Otherwise, § 1981 claims, which were actionable prior to the 1990 amendment, are subject to the appropriate two-year statute of limitations of N.J. Stat. Ann. § 2A:14-2.  Id.

Here, Plaintiff's contracts at issue were made and enforced in 1995 and 1999.  Plaintiff filed this lawsuit on August 4, 2009, almost ten years after the 1999 contract.  Consequently, under either scenario for § 1981 claims, Plaintiff's Complaint,

having been filed more than four years and certainly more than
two years after the contracts were entered and enforced, is time-
barred.  Because her § 1981 claim is barred by the applicable
statute of limitations, there is no way for Plaintiff to replead
her § 1981 cause of action to state a claim for relief, and this
Court must dismiss Plaintiff's § 1981 claim, with prejudice.[3]

C.   **The 2008 Judgment Against Plaintiff**

Finally, it appears that Plaintiff is attempting by this
lawsuit to make an "end run" around the judgment entered against
her by Ford Motor Credit in state court in 2008.  To the extent
that Plaintiff wishes to challenge that judgment, her recourse is
properly made by direct appeal in state court.  This Court lacks
jurisdiction to hear an appeal of Plaintiff's state court civil
judgment, pursuant to the Rooker-Feldman Doctrine.[4]

"Under the Rooker-Feldman doctrine, a district court ...
lacks subject matter jurisdiction, if the relief requested
effectively would reverse a state court decision or void its
ruling."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192
(3d Cir. 2006).  This doctrine is a narrow one, and "applies only
to cases brought by (1) state-court losers (2) complaining of

---

[3]   This Court notes that, even if this Complaint was timely,
Plaintiff failed to allege any facts to support her claim of
discrimination based on race or gender.  In fact, her Complaint
is completely devoid of any facts to support a claim of
discrimination.

[4]   Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)
and District of Columbia Court of Appeals v. Feldman, 460 U.S.
462, 482, (1983).

injuries caused by state court judgments (3) rendered before the
district court proceedings commenced and (4) inviting district
court review and rejection of those judgments."  Id.

    More simply stated, Rooker-Feldman bars a federal proceeding
when "entertaining the federal claim would be the equivalent of
an appellate review" of the state judgment.  Allah v. Whitman,
No. 02-4247, 2005 WL 2009904, at *4 (D.N.J.  Aug. 17,
2005)(quoting FOCUS v. Alleghany County Court of Common Pleas, 75
F.3d 834, 840 (3d Cir. 1996)).  Thus, a cause of action asserted
in federal court that ultimately seeks to vacate the decision or
reasoning of a state court is barred under Rooker-Feldman.
Desi's Pizza, Inc. V. City of Wilkes-Barre, 321 F.3d 411, 419-20
(3d Cir. 2001)(Rooker-Feldman bars those claims that "[are]
inextricably intertwined with [the] state adjudication, meaning
that federal relief can only be predicated upon a conviction that
the state court was wrong.").

    This Court finds that the Rooker-Feldman doctrine applies
here to bar this proceeding.  First, Plaintiff admittedly lost in
a New Jersey state court proceeding brought by Ford Motor Credit
with respect to the car loan she now challenges as illegally
obtained.  Second, this New Jersey state court adjudication
against Plaintiff occurred before Plaintiff filed this action in
federal court.  Finally, Plaintiff is essentially asking this
Court to review and reject the state court adjudication against
Plaintiff.  Clearly then, Plaintiff's purported claims against

Ford Motor Credit, with respect to a car loan that she now alleges was illegally obtained, are "inextricably intertwined" with a 2008 decision of a New Jersey state court that entered judgment in favor of Ford Motor Credit against Plaintiff because such claims amount to nothing more nor less than a "prohibited appeal" from the decision of the New Jersey state court. Therefore, this Court does not have subject matter jurisdiction over Plaintiff's claims under the <u>Rooker-Feldman</u> doctrine, and the Complaint must be dismissed accordingly.

<strong><u>CONCLUSION</u></strong>

For the reasons set forth above, this Court will dismiss with prejudice Plaintiff's Complaint, in its entirety, as against all named defendants, because Plaintiff's Complaint is time barred, and further because this Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the <u>Rooker-Feldman</u> Doctrine.  An appropriate Order accompanies this Opinion.

<u>s/Freda L. Wolfson</u>
FREDA L. WOLFSON
United States District Judge

Dated: September 1, 2009